IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| DOLORES HOLLISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 1:18-cv-00005 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | ) ) | |
| | ) | |
| Defendant. | | |

# **ORDER**

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Doc. No. 37), to which Defendant has filed Objections (Doc. No. 41). Plaintiff has filed a Response to the Objections (Doc. No. 44), and Defendant has filed a Reply (Doc. No. 50).

The Magistrate Judge has recommended that the Court deny Defendant's Motion for Summary Judgment (Doc. No. 26) because there exist genuine issues of material fact such that summary judgment is neither appropriate nor warranted (Doc. No. 37). Because the Report and Recommendation relates to a dispositive motion, the portions of it to which Defendant has objected are reviewed de novo. 28 U.S.C. § 636(b)(1)(C). More specifically:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

As explained by a district court within this circuit:

> De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. The Court may supplement the record by entertaining additional evidence, but is not required to do so. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation.

*Shoucair v. Snacker*, No. CIV.05-40341, 2006 WL 2604678, at *1 (E.D. Mich. Sept. 6, 2006) (citations omitted).

As in *Shoucair,* "[t]he Court has reviewed the Plaintiff's complaint, the Magistrate Judge's Report and Recommendations, and the [Defendant's] objections. Having conducted this review under the de novo standard for the portions of the Report and Recommendations objected to, as detailed above, the Court concludes that the Magistrate Judge's reasoning and conclusions are sound." *Id.* at *2. Thus, the Court adopts the Magistrate Judge's conclusions, albeit with a slightly different twist.

Specifically, the Magistrate Judge has recommended that the Court deny Defendant's Motion for Summary Judgment (Doc. No. 26) because there exist genuine issues of material fact such that summary judgment is neither appropriate nor warranted. (Doc. No. 37, at 12-13). In so recommending, the Court relied *in part* on the fact that Defendant did not file a Statement of Undisputed Facts as required by Local Rule 56.01(b). The Court agrees with the Magistrate Judge's conclusion in this regard, but does so actually based on reasoning somewhat simpler than that which the Magistrate Judge employed. Specifically, the Court concludes that Defendant has failed to meet its burden to show the absence of a genuine issue of material fact based *solely* on its failure to comply with Local Rule 56.01(b).

The rule at issue provides: "In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 *must* be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Local Rule 56.01(b) (emphasis added).

The Local Rules of Court are not merely suggestions. As a motion for summary judgment (and not, for example, a motion for judgment on the record in an ERISA administrative case), Defendant's motion is subject to Local Rule 56.01, which must be followed.

This Local Rule was designed "to assist the Court in ascertaining whether there are material facts in dispute." Absent a statement in compliance with this Local Rule, Defendant fails to meet its burden of showing the absence of material facts in dispute. The Court is not required to search the record, unaided by a Rule 56.01 statement, and compare Defendant's factual assertions with Plaintiff's factual assertions to determine whether Defendant has met its burden.

## CONCLUSION

If a summary judgment movant in this district wishes to prevail, it must file a Rule 56.01 statement, and this was not done here. Therefore, the Report and Recommendation (Doc. No. 37) is adopted as modified slightly by the reasoning set forth herein. Accordingly, Defendant's Motion for Summary Judgment (Doc. No. 26) is **DENIED** based on the failure to comply with Local Rule 56.01.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE